# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LARRY HYDE, | ) |
| | ) |
| Plaintiff, | ) |
| | )   2:09-cv-02622-JEO |
| v. | ) |
| | ) |
| WAL-MART STORES INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before this court is Larry Hyde's ("the plaintiff" or "Hyde") "Motion to Remand." (Doc. 4).[1] Both parties have had the opportunity to fully brief the matter and the motion is ready for disposition. Upon consideration of the record and the arguments of counsel, this court finds that the Motion to Remand is due to be granted.

### I.   BACKGROUND

####    A.   Procedural History

The plaintiff filed this action in the Circuit Court of Jefferson County, Alabama on May 27, 2009, alleging negligence, wantonness, a violation of the Alabama Extended Manufacturers Liability Doctrine, breach of contract, and breach of warranty in connection with injuries he incurred on May 27, 2007. (Doc. 1-1). The complaint did not specify the amount of damages sought; rather, it vaguely demanded compensatory and punitive damages "in an amount which will adequately reflect the enormity of the defendant's wrongful acts, and which will effectively

---

[1] References herein to "Doc. __" are to the document numbers assigned by the Clerk of the Court and are located at the top of each document.

prevent other similar wrongful acts." (Doc. 1-1 at 8). The defendant then filed its answer on June 29, 2009, and served subpoenas, on or about August 5, 2009, on various medical providers which rendered care and treatment for Hyde's injuries. (Docs. 1-1 & 1-2). The subpoenas requested medical records and bills which were delivered to Wal-Mart between August 13, 2009, and October 2009. On December 30, 2009, Wal-Mart Stores Inc. ("the defendant" or "Wal-Mart") filed its "Notice of Removal" premised upon diversity jurisdiction. (Doc. 1). On January 19, 2010, Hyde filed his "Motion to Remand," alleging that Wal-Mart failed to timely remove the case as required by 28 U.S.C. § 1446(b). (Doc. 4). The defendant then filed its response to the motion on January 29, 2009. (Doc. 7).

### B.    The Parties' Positions

In the instant case, diversity of citizenship is not contested. (Doc. 2). Also, it is undisputed that the amount in controversy is currently over $75,000. (See Doc. 7 at 2). The sole argument that Hyde makes is that Wal-Mart failed to timely remove the case within thirty (30) days of receiving "other paper," as required by 28 U.S.C. § 1446(b), which evidenced that the damages requested exceeded $75,000. *See* 28 U.S.C. § 1332.

As noted above, the plaintiff made an unspecified demand for damages in the Complaint. (Doc. 1-1). This dispute arises over the meaning of the term "other paper" and the sufficiency, for removal purposes, of the evidence included in the medical records. Hyde argues that the medical records and bills which Wal-Mart subpoenaed on August 5, 2009, constitutes "other paper." (Doc. 4 at 2). Wal-Mart responds that the records do not constitute "other paper" and further, even if they did, the medical records and bills do not show, to the extent required by law,

that the minimum amount in controversy existed at that time. (Doc. 7 at 2). Rather, it asserts that the hospital bill lien it received on December 2, 2009, evidencing a total hospital bill of $350,882.32, was the "other paper" that first put it on notice the minimum amount in controversy existed.[2] (Doc. 7 at 2).

The plaintiff asserts that Wal-Mart was tardy in filing its Notice of Removal because thirty (30) days elapsed between the date it should have learned the value of the case from the subpoenaed medical records, sometime in October 2009, and the date it filed the notice, December 30, 2009. (Doc. 4 at 2). Included in these subpoenaed materials was a bill from the University of Alabama Health Services which indicated Hyde's medical treatment cost at least $58,141.60. (Doc. 6-9 at 3). The issue herein is whether the $58,141.60 in medical bills when considered in conjunction with the complaint language that the plaintiff suffered "numerous surgeries, great pain and suffering and the amputation of his leg" should "push the value of this case far above $75,000 (an additional $17,000!)." (Doc. 4 at 3).

## II. STANDARD OF REVIEW

Because federal courts are courts of limited jurisdiction, the defendant carries the burden of showing the propriety of this court's jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Any ambiguities must be construed against removal because the removal statute should be construed strictly in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 165 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state

---

[2] The hospital lien can be located at document 1-4.

court.").

The court in *Temploy, Inc. v. Nat. Council on Comp. Ins.*, 2009 WL 1097807 (S.D. Ala. April 21, 2009), summarized the law in the Eleventh Circuit regarding removal in similar situations:

> Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332.  However, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional amount." *Tapscott* [*v. MS Dealer Service Corp.*], 77 F.3d [1353, 1357 (11th Cir. 1996)]. "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citations omitted).  *See also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287, n. 4 (11th Cir. 1998); *Tapscott*, 77 F.2d at 1356.[ ]  *See also Lowery v..* [sic] *Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).  "Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists.  Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it." *Lowery*, 483 F.3d at 1217.  "The removing defendant[s] must establish the amount in controversy by '[t]he greater weight of the evidence ... [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'"  *Id.* at 1209 (citations omitted).  Therefore, the burden rests with the defendant to establish complete diversity-that the plaintiff is diverse from the defendant, and that by a preponderance of the evidence, the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.  *Id*. *See also Triggs*, 154 F.3d at 1287; *Tapscott*, 77 F.3d at 1357.

*Temploy*, 2009 WL 1097807 at *2 (footnote omitted).

Where removal is premised upon a document other than the filing of the initial complaint,

as it is in the instant case, the second paragraph of 28 U.S.C. § 1446(b) controls.[3]  Specifically,

> a case becomes removable when three conditions are present: there must be (1) "an amended pleading, motion, order or other paper," which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can "first ascertain" that federal jurisdiction exists. [28 U.S.C.] § 1446(b).  Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction.  *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (holding that grounds must be "unequivocally clear and certain"); *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999) (same).

*Lowery*, 483 F.3d at 1213 n.63.  In the instances where the second paragraph of § 1446(b) is invoked, some "amended pleading, motion, order, or other paper" must establish the requisite jurisdiction.  The Eleventh Circuit has stated that:

> [t]he first three items on this list are self-explanatory.  What constitutes "other paper," however, has been developed judicially.  Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify.  They include: responses to request for admissions, *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989); settlement offers, *Addo v.*

---

[3] 28 U.S.C. § 1446(b) provides:

   The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

   If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

>   *Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000); interrogatory responses, *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998); deposition testimony, *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); demand letters, *Williams v. Safeco Ins. Co.*, 74 F. Supp. 2d 925, 929 (W.D. Mo. 1999); and email estimating damages, *Callahan v. Countrywide Home Loans, Inc.*, No. 3:06-105, 2006 WL 1776747, at *3-*4 (N.D. Fla. June 26, 2006).

*Lowery*, 483 F.3d at 1213 n.62.

### III.    DISCUSSION

There are two issues presented and discussed below. First, whether the medical records subpoenaed by the defendant considered "other paper" under 28 U.S.C. § 1446(b). Second, whether, if these records are "other paper," do they "contain an unambiguous statement that clearly establishes federal jurisdiction." *Bosky*, 288 F.3d at 211 (holding that grounds must be "unequivocally clear and certain"). If the answer to the first question is no, then this court need not consider the second question, and Wal-Mart's notice of removal will be deemed timely premised on its receipt of the $350,882.32 hospital lien evidence. If the answer is yes, then this court must consider whether Wal-Mart should have ascertained from the evidence that the damages demanded exceed $75,000.00. If the answer to the second question is no, then the subpoenaed material did not constitute "other paper" which would have allowed Wal-Mart to "first ascertain" that federal jurisdiction existed. *See* 28 U.S.C. § 1446(b).

### A.    Other Paper

Wal-Mart's argument that the medical records were not "other paper" relies in large part upon the opinion of the Fifth Circuit Court of Appeals in *S.W.S. Erectors*, *Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996). *S.W.S. Erectors* brought an action to recover money owed for services

performed. The initial complaint, like the one in the instant case, did not demand a specific amount of damages. *Id*. at 491. The defendant's general counsel learned during a telephone conversation with the plaintiff's attorney that the plaintiff's purported damages exceeded $100,000.00. *Id*. Defense counsel then drafted an affidavit memorializing the conversation. *Id*. Using the affidavit and the diversity of the parties, counsel filed a notice of removal. *Id*. The plaintiff filed a motion to remand because the case was removed to the incorrect federal district court. *Id*. The case was remanded to state court.[4] The defendant deposed the plaintiff's president and determined that the amount in controversy was between $70,000 and $80,000. *Id*. at 491-92. The defense then removed the case based upon the president's deposition testimony to the correct division of the district court and the plaintiff once again moved to remand the case. *Id*. at 492. The plaintiff asserted, among other arguments, that it was not possible to determine that the amount in controversy exceeded required amount at that time of $50,000.00. *Id*.

On appeal, following the grant of summary judgment, the plaintiff argued that the thirty (30) day removal period accrued from the creation of the affidavit that specified the amount in controversy exceeded $100,000.00 *Id*. at 494. The plaintiff contended that the affidavit constituted "other paper" from which the defendant should have become aware of the removability of the case. *Id*. Therefore, according to the plaintiff, after thirty (30) days from the creation of the affidavit, the case was no longer removable under 28 U.S.C. § 1332. The defendant argued that the affidavit was not "other paper" because evidence of removability

---

[4] By separate, subsequent order, the federal court noted that the transfer to another, proper court was not proper. *Id*. The court did not specify why a transfer was not proper.

requires a "*voluntary act by the plaintiff.*" *Id*. (emphasis in original). Furthermore, it argued that subjective knowledge of the defendant could not be used to start accrual of the thirty (30) day removal period. *Id*. The Fifth Circuit Court of Appeals agreed with the defendant and held as follows:

> Under 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable. The Fifth Circuit has indicated that the "other paper" conversion requires a *voluntary act by the plaintiff*. *See Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (in explaining that "other paper" requires a voluntary act of the plaintiff, the court specifically noted that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court"). Further, this Court has held that the defendant's subjective knowledge cannot convert a case into a removable action. *Chapman*, 969 F.2d [160, 163 (5th Cir. 1992)].
>
> We find that an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one. We hold that the affidavit, created entirely by the defendant, is not "other paper" under section 1446(b) and cannot start the accrual of the 30-day period for removing. On the other hand, a transcript of the deposition testimony is "other paper." Therefore, we conclude that Infax's second removal petition, which was based on the deposition transcript, was timely.

*Id*.

At the outset, it is important to recognize that although the holding in *S.W.S. Erectors, Inc.* may be persuasive, it is not binding on this court because it was not decided prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). Wal-Mart accurately sets forth the facts and holding of *S.W.S. Erectors*, but it fails to correctly apply the same to this case. It appears that Wal-Mart seeks to analogize the affidavit in *S.W.S. Erectors* to the medical records produced by third party providers at Wal-Mart's request. This court declines to analogize

8

the plaintiff's medical records obtained from third party medical providers with an affidavit written entirely by defense counsel. The similarities between this evidence is too far removed.[5]

Wal Mart also cites to *Hernandez v. Schering Corporation*, No. 05 C 0870, 2005 WL 1126911 (N.D. Ill. May 5, 2005). In *Hernandez*, the court stated that "medical records received in response to a subpoena do not constitute 'other paper' under section 1446(b)." *Id*. at *2. Explaining this statement, the court articulated:

> Courts construe the "other paper" requirement to include 'papers that are part and parcel of the State Court proceedings having their origin and existence by virtue of the State Court process," *Gilardi v. Atchinson, Topeka and Santa Fe Railway Co*., 189 F. Supp. 82, 85 (N.D. Ill. 1960), and include such "papers" as a "discovery deposition," *id.* at 84, "interrogatory answers," *Roberson v. Orkin Exterminating Co*., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991), or any "official papers," *Lillard v. Joint Medical Prods*., 1995 WL 20609, at *3 (N.D. Cal. Jan.13, 1995), filed with the "action sub judice," *Golden Apple Management Co., Inc. v. GEAC Computers, Inc*., 990 F. Supp. 1364, 1367 (M.D. Ala. 1998), or given under "oath" in connection with the action. *Gilardi*, 189 F. Supp. at 85. Accordingly, this Court holds that the medical documents, which were not prepared or filed in connection with this action, do not constitute "other papers" under section 1446(b)....

*Id*. at *3. Other courts have held that medical records can constitute "other paper" under § 1446(b). *See Ford v. Shoney's Restaurants, Inc*., 900 F. Supp. 57, 59 (E.D. Tx. 1995) ("Discovery responses that show plaintiff's medical expenses certainly qualify as 'other paper' under section 1446(b)."); *Chambers v. Bielss*, 3:08-cv-372-KC, 2008 WL 5683483 (W.D. Tx. Dec. 8, 2008) (same); *Ingram v. Jones*, 2:97-cv-214-B-B, 1997 WL 33426760, *3 (N.D. Miss. Dec. 16, 1997) (finding "that the 30-day removal period began to run from ... the date the

---

[5] The court does note that evidence of damages obtained from a non-party is less likely to be susceptible to the whims of a defendant seeking his choice of forum than an affidavit prepared by counsel.

defendants received copies of ... [the] medical records...").

In the present case, the medical records were produced pursuant to a subpoena issued as a part of the discovery process in the state court. Even though the documents were not filed with or otherwise a part of the state court record, they are a part of the state court process and are due to be considered as "other paper." *See Bachman v. A.G. Edwards, Inc.*, 4:09CV00057 ERW, 2009 WL 2182345, *4 (E.D. Mo. July 22, 2009) (noting that "other paper" includes subpoenas "so long as these papers are part and parcel of the State Court proceedings having their original existence by virtue of the State Court Process") (citing *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill. 1960)); *Trustees of the Masonic Hall and Asylum Fund v. Pricewaterhousecoopers LLP*, 08-Civ.-10494 (GEL), 2009 WL 290543, *8 (S.D.N.Y. Feb. 6, 2009) ("'other paper' is 'a broad term and includes any relevant information received by [d]efendants'") (citing *Sunburst Bank v. Summit Acceptance Corp.*, 878 F. Supp. 77, 81 (S.D. Miss. 1995)); *Chambers*, 2008 WL 5683483 at *4 (noting that "other paper can include documents wholly absent from the state court proceedings, including correspondence between parties, deposition testimony, and other discovery materials"); *Clipper Telecommunications, Inc. v. ETS Payphones, Inc.*, SA-07-CA-0995-RF, 2008 WL 2368094, *4 (W.D. Tex. March 11, 2008) (stating that "the modern trend is to read the 'other paper' language expansively[ ]"); *Rawlings v. Prater*, 981 F. Supp. 988, 990 n.2 (S.D. Miss. 1997) (noting that "other paper" "is not limited to papers that have been actually filed"). The Eleventh Circuit Court of Appeals has also demonstrated a willingness to accept a broad range of documents as "other paper." *See Lowery*, 483 F.3d at 1213 n.62. There is no bright line test which identifies "other paper." *Id*.

Responses to requests for admissions, settlement offers, interrogatory responses, demand letters, emails estimating damages, and deposition testimony all have been recognized as "other paper." *See id.* This court has been unable to find any case, nor was it directed towards any, that shows that the Eleventh Circuit has precluded discovery materials, such as medical records, from being considered as "other paper."

In sum, the court finds that the medical records in this case do constitute "other paper." Accordingly, the court will treat the medical records as documents that must be examined to determine whether the thirty (30) day rule was violated in this instance.

Wal-Mart also appears to argue that the medical records constitute "subjective knowledge" and accordingly are not "other paper" which would have made this case removable. The information contained in the medical records is not necessarily "subjective knowledge." The word subjective is defined as "an individual's perceptions, feelings, or intentions, as opposed to externally verifiable phenomena." Black's Law Dictionary 1438 (7th 1999). The information contained in the medical records includes verifiable documentation of Hyde's external injuries. It also includes an accounting of the actual medical bills charged by the hospital. It is difficult for this court to see how these "externally verifiable" facts included in the medical records are subjective.

### B. Was Wal-Mart on Notice After Receiving the Medical Records?

The remaining question is whether the allegations in the complaint, including the damages sought, coupled with the medical information sufficiently placed Wal-Mart on notice that the amount in controversy exceeded $75,000.00. The court finds that they do. The

complaint alleges that the plaintiff was "seriously injured and damage[d]" when his legs came into contact with the blades on his riding lawnmower.  (Doc. 1-1 at 7 of 91).  Premised thereon he brought negligence, willful and wantoness, breach of contract, breach of warranty, Alabama Extended Manufacturers, and strict liability claims against the defendants.  (*Id*. at 8 of 91).  He seeks damages resulting from the injuries to his legs, past pain and suffering, future pain and suffering, disfigurement, mental and emotional distress and anguish, past medical expenses, and future medical expenses.  (*Id*.)  He also alleges that he will be required "in the future to expend large sums of money in the nature of doctor, hospital, drug, and other medical expenses" as a result of his permanent injuries.  (*Id*.)  The medical records received three to five months after the filing of the lawsuit demonstrate that at a minimum at that juncture (October 2009) Hyde had at least $58,141.60 in medical bills.

Hyde argues that the amount in controversy should be evaluated by analyzing the "Complaint and the record as a whole."  (Doc. 4 at 3 (quoting *Durbin v. Wal-Mart Stores, Inc.*, 2004 WL 2750256, *1 (S.D. Ind. Oct. 27, 2004) (citing *Uhl v. Thoroughbred Tech. v. Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002)).  This court agrees.  In fact, *Lowery* held that § 1446(b) requires a district court to determine the amount in controversy based upon "the documents before the court."  483 F.3d at 1211.  Limiting a determination of the value of the case to only the "other paper" would be counterintuitive.  A case is developed, and a value is determined, through the compilation and evaluation of all the evidence in the record.

The remaining question is whether Wal-Mart was sufficiently placed on notice that the amount in controversy exceeded $75,000 by the plaintiff's allegations and the medical records it

received in October 2009. If the answer is yes, then Wal-Mart's Notice of Removal, dated December 30, 2009, was untimely, and this case is due to be remanded. If the answer is no, then the removal, premised on the receipt of the lien information, is timely.

The evidence before this court and available to the defendant as of October 2009 demonstrated that the plaintiff suffered serious injuries to his leg as a result of the accident. (Doc. 1-1). The plaintiff alleges, and the defendant does not dispute, that the medical records show that the plaintiff's injury resulted "in at least seven surgeries, including one surgery to amputate his leg" and total bills of $58,141.60.[6] (Doc. 4 at 2). In order to establish jurisdictional minimum, the record must show that at least an additional $16,858.40 was in controversy. This additional amount must have been shown to exist by a preponderance of the evidence. *McCormick*, 293 F.3d at 1257. Because federal courts are courts of limited jurisdiction, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). In order to prove jurisdiction, a "fair and impartial mind" must be able to conclude that the total amount in controversy exceeds

---

[6] The defendant does complain:

.... Additionally, the 41 pages of medical billings do not establish specifically what medical treatment the Plaintiff claims is the result of the injury. Some medical bills were paid by Medicare. Others were paid by BlueCross while some were written off. Under any interpretation, a hospital providing a list of billings, without more, is insufficient to remove the case to federal court, particularly where the billings are less than the jurisdictional amount of the Court.

(Doc. 7 at 7). The court is not particularly impressed with this conclusory argument when viewed in light of the applicable law, the allegations in the plaintiff's complaint, and the medical billings.

$75,000.  *Lowery*, 483 F.3d at 1209.

The court finds that the plaintiff's claims of past pain and suffering, future pain and suffering, disfigurement, mental and emotional distress, anguish, future medical expenses, and punitive damages, along with the $58,141.60 in past medical bills as of October 2009, informed the defendant to the requisite degree of certainty that there was in controversy an amount exceeding $75,000 exclusive of costs and interest.  *See Buck v. Wal Mart Associates*, Civ.A 05-5905, 2005 WL 3508622 (E.D. Pa. Dec. 22, 2005) (finding allegations of severe permanent injuries which had accrued with medical bills amounting to $60,217.75 sufficient to place the defendant on notice for purposes of § 1446(b)); *Lopez v. Wal Mart Stores, Inc.*, 2:07-cv-00968-BES-RJJ, 2008 WL 108990 (D. Nev. Jan. 7, 2008) (finding damages in slip-and-fall case of $45,134.90 insufficient to place the defendant on notice that case is removable)).  This court, therefore, concludes that additional damages, including the plaintiff's claim for punitive damages, lead a "fair and impartial mind" to the conclusion that in October 2009, the amount in controversy exceeded $75,000.  The entirety of these additional damages needed only add up to $16,858.40.  This fact, along with the legal principle that this court is of limited jurisdiction demands that this motion be resolved in favor of granting the motion to remand.

## IV.   CONCLUSION

Premised on the foregoing, this court finds that Hyde's motion to remand (doc. 4) is due to be granted.  Accordingly, the Clerk of the Court will be directed to remand this action, fifteen (15) days after the date of this Memorandum Opinion and Order, to the Circuit Court of Jefferson County, Alabama.  *See* May 8, 1999 General Order for Referral of Civil Matters to the United

States Magistrate Judges at ¶ 5 and FED. R. CIV. P. 72(a).

**DONE**, this the 25th day of March, 2010.

*/s/ John E. Ott*
_____
**JOHN E. OTT**
United States Magistrate Judge